IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ERIKA RAE BROWN, Defendant/Movant. | Cause No. CR 15-01-H-DLC<br><br>AMENDED ORDER GRANTING § 2255 MOTION AND SETTING SENTENCING HEARING |

On February 13, 2018, the United States was ordered to respond to one claim in Defendant/Movant Erika Rae Brown's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The United States concedes the claim should be granted. *See* Resp. to Order (Doc. 71) at 2. All of Brown's other claims have been denied. *See* Order (Doc. 69) at 16.

Brown is entitled to be represented by counsel at sentencing. She has not been found qualified for appointment of counsel under the Criminal Justice Act. If she wishes to be represented, she should retain counsel as soon as possible.

Accordingly, IT IS HEREBY ORDERED:

1. Brown's motion under 28 U.S.C. § 2255 (Doc. 66) is GRANTED as to

1

her claim that the United States should have recommended a sentence at the low end of an advisory guideline range of 51 to 63 months.

2. A new sentencing hearing is set for **Thursday, May 10, 2018, at 10:30 a.m.** in the Russell Smith Courthouse, Missoula, Montana.

3. Counsel retained by Brown must immediately file a notice of appearance to ensure receipt of notices of electronic filing.

4. The United States Probation Office shall conduct a supplemental presentence investigation and prepare a supplemental presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

5. The probation officer shall disclose the supplemental report, except for recommendations of the probation officer, to Defendant, counsel for Defendant, and counsel for the government on or before **March 29, 2018.** The probation officer shall not disclose any recommendation made or to be made to the Court.

6. If restitution is mandatory, the probation officer shall discuss a payment plan with Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

7. Counsel shall attempt in good faith to resolve disputes over any material in the presentence report. Unresolved objections to be relied upon at sentencing shall be presented to the probation officer on or before **April 12, 2018.** U.S.S.G. § 6A1.2. **Any unresolved objections are expected to be included in the pre-**

**sentence report, not in a sentencing memorandum.**

8. The presentence report, in final form, including any unresolved objections, shall be delivered to the Court and the parties on or before **April 19, 2018.**

9. Sentencing memoranda and supporting documents addressing all relevant sentencing issues shall be filed on or before **April 26, 2018.** Absent good cause shown, sentencing memoranda and supporting documents filed after that date will not be considered in addressing sentencing issues. Failure to timely file sentencing memoranda may result in imposition of sanctions against counsel.

10. Responses to sentencing memoranda shall be filed on or before **May 3, 2018.**

11. Reply briefs will not be accepted for filing in sentencing matters.

12. The Court will resolve objections included in the Addendum to the presentence report at the sentencing hearing in accordance with U.S.S.G. § 6A1.3.

13. All parties who intend to have witnesses testify at sentencing shall give notice to this Court ten days prior to the sentencing date.

14. The United States Marshals Service must transport Erika Rae Brown, BOP # 13637-046, to the District of Montana. Brown must be present in Montana and available to consult with counsel at least 14 days before sentencing.

15. When a new judgment is entered in the criminal case, the clerk shall

enter judgment, by separate document, in the civil action under 28 U.S.C. § 2255.

DATED this 27th day of February, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court


cc: USPO
　　 USMS