IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
AUG 1 C . .8
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 15-01-H-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| ERIKA RAE BROWN, | |
| Defendant/Movant. | |

This case came before the Court on Defendant/Movant Erika Rae Brown's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Brown is a federal prisoner proceeding pro se. All but one of Brown's claims were denied. *See* Order (Doc. 69) at 6-16. One of her claims was granted. See Order (Doc. 72) at 1-2. She was resentenced on August 9, 2018. *See* Minutes (Doc. 90).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Brown's resentencing makes the Court's decision on all of her claims final. *See United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

A COA should issue as to claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is met if "jurists of reason could disagree with the district

1

court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Some of Brown's claims went to the voluntariness of her guilty plea. Her proposed defenses to money laundering were inapposite, because the predicate crime was bank fraud. Her arguments about the definition of the term "proceeds" were relevant to 18 U.S.C. § 1956, but she was charged and convicted under 18 U.S.C. § 1957. Her challenge to the stipulated amount of restitution overlooked 18 U.S.C. § 3664(h) and (f)(1)(B) and (j)(2). The loss Brown caused was not uncertain but readily ascertainable. The Bank had no obligation to Brown to mitigate the loss it incurred as a result of her fraud. Brown's claims did not support an inference that her guilty plea or plea agreement were anything less than knowing, voluntary, and intelligent.

Brown claimed the United States breached the plea agreement. It agreed to recommend a sentence at the low end of an advisory guideline range of 57 to 71 months. It recommended 57 months. There was no breach.

Brown also claimed an excessive loss amount was attributed to her under the Guidelines. But "actual loss" is "the *greater* of actual *or* intended loss," and Brown overlooked the loss caused to the USDA and the guidelines' specific exclusion of some items and inclusion of other losses caused by the defendant. *See*

2

U.S.S.G. § 2B1.1 cmt. n.3(A), (D)(i), (ii) (Nov. 1, 2014) (emphasis added). The probation officer's calculation of the loss amount was somewhat higher than the amount of restitution Brown agreed to pay, but even the lowest available loss amount would have triggered an 18-level increase. *See* U.S.S.G. § 2B1.1(b)(1)(J) (Nov. 1, 2014).

Finally, Brown claimed counsel should have pointed to *United States v. Sann*, No. CR 13-43-M-DLC, as a case involving a similar offense and similar defendant. But Sann and the United States agreed on a sentence. Brown and the United States did not agree on a sentence. Any disparity between Brown and Sann was not "unwarranted." *See* 18 U.S.C. § 3553(a)(6).

Reasonable jurists would not find a basis to disagree with denial of these claims and would not encourage further proceedings. A COA is not warranted. *See* Rule 11(a), (b), Rules Governing § 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is DENIED on all claims resolved against Brown.

DATED this 10th day of August, 2018.

Dana L. Christensen, Chief Judge
United States District Court